UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

JOHNTAE BYRD,

              *Defendant.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2022

**Proposed Protective Order**

**22 Cr. 497 (GHW)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Disclosure Material may include material that (1) affects the privacy and confidentiality of individuals and entities; and (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorneys' Eyes Only Material.** Certain of the Disclosure Material, referred to herein as "Attorneys' Eyes Only Material," identifies witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the additional protective considerations set forth herein. Materials to be produced by the Government and which contain Attorneys' Eyes Only Material may be designated as such by the Government and conspicuously marked as such, either

by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the abbreviation "AEO." The Government's designation of material as Attorneys' Eyes Only Material will be controlling absent contrary order of the Court.

    3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

    4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

    **Accordingly it is hereby Ordered:**

    5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

    6. Disclosure Material that is not Attorneys' Eyes Only Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store Disclosure Material or Attorneys' Eyes Only Material provided that the only people with access to such services are those authorized herein to receive Disclosure Material or Attorneys' Eyes Only Material, or to transfer such material to such authorized recipients.

counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7.  The defense shall receive any Attorneys' Eyes Only Material on an attorney's eyes only basis, and the defense shall not share any Attorneys' Eyes Only Material or the content of the Attorneys' Eyes Only Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel.

8. The Government may authorize, in writing, disclosure of Disclosure Material or Attorneys' Eyes Only Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, Attorneys' Eyes Only Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the specifications in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any specifications in the above-captioned case, whichever date is later.  This provision does not apply to any Disclosure Material that belongs to the defendant.  Notwithstanding the foregoing, the

defense shall not be required to return, destroy, or delete any disclosure material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ___/s/ Alexandra S. Messiter___          Date:  10/6/2022
    Alexandra Messiter
    Assistant United States Attorney

/s/ Zawadi Baharanyi                         Date:  10/6/2022
Zawadi S. Baharanyi, Esq.
Counsel for Johntae Byrd

SO ORDERED:

Dated: New York, New York
       October 9, 2022

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE